# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| GARLAND INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:16-cv-2305 |
| v. | ) |
| | ) Judge |
| TRIMACO, LLC | ) |
| | ) |
| and | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| JOHN DOE NOS. 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Garland Industries, Inc. ("Garland" or "Plaintiff") by its attorneys, alleges the following for its complaint of patent infringement against Trimaco, LLC ("Trimaco" or "Defendant"):

## NATURE OF THE ACTION

1. This is an action against Trimaco for infringement of U.S. Patent No. 9,365,385 ("the '385 Patent" or "patent-in-suit"). Garland seeks permanent injunctive relief against future infringement, monetary damages for past infringement, and other relief.

## PARTIES

2. Garland is an Ohio corporation with headquarters and a principal place of business located at 3800 East 91st Street, Cleveland, OH 44105. Garland is the owner of the '385 Patent.

3. On information and belief, Trimaco is a North Carolina limited liability company having a principle place of business located at 2800 Gateway Centre Blvd., Suite 200, Morrisville, NC 27560.

4. On information and belief, Trimaco sells its products in this judicial district, through direct sales and/or marketing to this judicial district and otherwise puts its products, including the accused product, in the stream of commerce for resale in this judicial district, including but not limited to retail stores such as Sherwin Williams.

5. On information and belief, Trimaco is the registrant of the domain www.trimaco.com. Trimaco promotes, offers to sell, and sells its products at the website http://www.trimaco.com.

6. On information and belief, Trimaco's products, including the accused product, are also promoted, offered for sale, and sold on websites such as www.homedepot.com, www.amazon.com, and www.ebay.com.

7. On information and belief, John Doe Nos. 1-10 is a possible manufacturer(s) producing the accused product on behalf of Trimaco and whose identity is not currently known to Garland.

## JURISDICTION AND VENUE

*8.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the federal patent statute, 35 U.S.C. § 271, *et. seq.*

9. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because, on information and belief, Trimaco has transacted business in this Judicial District and

Trimaco has committed and continues to commit acts of patent infringement in this Judicial District as alleged herein.

## FACTUAL BACKGROUND
### THE PATENT-IN-SUIT

10. Garland is the sole assignee of the '385 Patent entitled "Fiberboard Surface Protector," which the United States Patent and Trademark Office duly and lawfully issued on June 14, 2016. A true and correct copy of the '385 Patent is attached as Exhibit A.

11. By virtue of its assignment, Garland has all substantial rights in the '385 Patent and has standing to sue in its own name for past and present infringement of the '385 Patent.

12. Pursuant to 35 U.S.C. § 282, the '385 Patent is presumed valid.

13. The '385 Patent describes a fiberboard sheet or surface protector that creates a barrier between a floor, counter and/or wall during construction, and claims a method of making the surface protector using a pneumatic powered wheel for scoring a plurality of creases to a claimed depth. The top surface of the fiberboard sheet is scored to include the plurality of creases that are folded to protect orthogonal surfaces.

### TRIMACO'S SURFACE PROTECTION PRODUCT

14. On information and belief, Trimaco has been and continues to be actively engaged in the manufacturing and sale of surface protection products.

15. On information and belief, Trimaco is the manufacturer and/or retailer of several lines of surface protection products.

16. On information and belief, Trimaco is making, authorizing the manufacture of, selling, offering for sale, importing, and/or otherwise providing a surface protection product under the registered trademark Floorshell® (the "Floorshell product"), which is made by and used

3

according to a method claimed in one or more claims of the '385 Patent. The Floorshell product is depicted in the picture attached as Exhibit B.

17. On information and belief, the Floorshell product is formed from a fiberboard sheet or equivalent material.

18. The Floorshell product includes a plurality of creases aligned generally parallel to at least two sides of the sheet.

19. On information and belief, the plurality of creases in the Floorshell product is used to facilitate in the folding of the Floorshell product along at least a first crease in the Floorshell product.

20. On information and belief, the scoring of the Floorshell product used to form the plurality of creases is performed by applying pressure to a top surface of the fiberboard sheet.

21. On information and belief, Trimaco's website promotes the Floorshell product in a featured video, among other advertisements. A true copy of Defendant's promotional materials displayed on the website is attached as Exhibit C.

22. On information and belief, Trimaco's manufacture, authorizing the manufacture of, importation, use, sale and/or offer for sale of the Floorshell product in the United States infringes one or more claims of the '385 Patent.

23. Garland has not granted Trimaco the right, license or permission to manufacture, authorize others to manufacture, use, offer for or sell a product that is protected by one or more claims of the '385 Patent.

NOTICE TO DEFENDANT

24. Trimaco has received written notice of Garland's '385 Patent by way of correspondence from the undersigned counsel on July 22, 2016. A copy of the letter July 22nd letter is attached as Exhibit D.

25. Trimaco's counsel sent a first letter to Garland's counsel on August 5, 2016 requesting further information about the information set forth in the July 22, 2016 letter. A copy of the August 5th letter is attached as Exhibit E.

26. Garland's counsel sent a second letter to Trimaco's counsel on August 11, 2016 in response to the questions raised by Trimaco's counsel in the August 5th letter. A copy of the August 11th letter is attached as Exhibit F.

27. Trimaco's counsel sent a second letter to Garland's counsel on August 19, 2016 asserting that Trimaco respected the intellectual property rights of others and that Trimaco did not infringe the claims of the '385 Patent. A copy of the August 19th letter is attached as Exhibit G.

28. On information and belief, if Trimaco is not the manufacturer of the Floorshell product, Trimaco is having a third party manufacture the Floorshell product to the specifications requested by Trimaco.

29. Trimaco provides information and/or instructions to purchasers and potential purchasers of the Floorshell product regarding how the Floorshell product can be used to protect a wall, including a symbol on the packaging of the Floorshell product that provides information to

consumers that the fiberboard sheet can be folded along a crease in the Floorshell product so as to protect a wall and a floor orthogonally adjacent to the wall.

**COUNT I**
(Infringement of the '385 Patent)

30. The allegations of the preceding paragraphs 1-29 are repeated, realleged, and incorporated herein by reference as if fully set forth herein.

31. On information and belief, Trimaco, in violation of 35 U.S.C. § 271(a) has been and is currently directly infringing, literally and/or under the doctrine of equivalents, one or more claims of the '385 Patent by making, using, selling, offering to sell, and/or importing, without license or authority, the Floorshell product within this judicial district and/or elsewhere in the United States.

32. On information and belief, if Trimaco is using another manufacturer for the Floorshell product, Trimaco directs or controls the acts of John Doe Nos. 1-10 and its customers including,

but not limited to, the manufacture and use of the Floorshell product according to the method defined in one or more claims of the '385 Patent.

33. On information and belief, Trimaco, after being informed that the Floorshell product infringes one or more claims of the '385 Patent, continues to manufacture, offer for sale, sell, use and/or import the Floorshell product in this judicial district and/or elsewhere in the United States.

34. On information and belief, Trimaco is liable for induced infringement of one or more claims of the '385 Patent under 35 U.S.C. § 271(b).

35. On information and belief, Trimaco had knowledge of the '385 Patent.

36. On information and belief, Trimaco had knowledge that the Floorshell product can only be manufactured by the method defined in one or more claims of the '385 Patent.

37. On information and belief, if Trimaco is using another manufacturer for the Floorshell product, Trimaco instructed John Doe Nos. 1-10 to manufacture the Floorshell product for Trimaco using a method defined in one or more claims of the '385 Patent.

38. On information and belief, if Trimaco is using another manufacturer for the Floorshell product, Trimaco induced direct infringement of the Floorshell product by contracting, directing, controlling and/or causing John Doe Nos. 1-10 to engage in infringing behavior by ordering the manufacture of the Floorshell product for Trimaco.

39. On information and belief, Trimaco actively and knowingly induced, and continues to induce others to infringe one or more claims of the '385 Patent with the specific intent to encourage infringement.

40. On information and belief, Trimaco's packaging for the Floorshell product encourages use of such product in a way that infringes the method defined in one or more claims of the '385 Patent at least by virtue of instructing or suggesting customers and/or purchasers to fold the

Floorshell product along at least one of a plurality of creases in the Floorshell product and also by distributing the Floorshell product intended for the infringing use.

41. On information and belief, Trimaco had actual knowledge of its customers' and/or purchasers' direct infringement of one or more claims of the '385 Patent and that Trimaco's actions induced the direct infringement of one or more claims of the '385 Patent at least by virtue of its sales, promotion, and/or instructions provided in connection with the Floorshell product.

42. On information and belief, Trimaco is liable for contributory infringement of one or more claims of the '385 Patent under 35 U.S.C. § 271(c).

43. On information and belief, Trimaco has knowledge that the sale of the Floorshell product is for use in practicing the method defined in one or more claims of the '385 Patent.

44. The Floorshell product has no substantial non-infringing use and is known by Trimaco to be especially made or especially adapted for use that will result in the infringement of one or more claims of the '385 Patent.

45. On information and belief, Trimaco's infringement of one or more claims of the '385 Patent has been and continues to be willful.

46. On information and belief, Trimaco will continue to infringe one or more claims of the '385 Patent unless and until Trimaco is enjoined by this Court.

47. Trimaco, by way of its infringing activities, has caused and continues to cause Garland to suffer damages in the amount to be determined, and has caused and is causing Garland irreparable harm. Garland has no adequate remedy at law against Trimaco's acts of infringement

and, unless Trimaco is enjoined from its infringement of one or more claims of the '385 Patent, Garland will continue to suffer irreparable harm.

48. Garland is entitled to recover from Trimaco the damages at least in an amount adequate to compensate for such infringement, which amount has yet to be determined, together with interest and costs fixed by the Court.

WHEREFORE, Garland respectfully requests that this Court enter a Judgment and Order:

(a) Declaring the '385 Patent is valid and enforceable;

(b) Declaring that Trimaco infringes, either literally or under the doctrine of equivalents, at least one valid and enforceable claim of the '385 Patent under 35 U.S.C. § 271(a).

(c) Declaring that Trimaco induces the infringement of at least one valid and enforceable claim of the '385 Patent under 35 U.S.C. § 271(b).

(d) Declaring that Trimaco contributes to the infringement of at least one valid and enforceable claim of the '385 Patent under 35 U.S.C. § 271(c).

(e) Awarding Garland damages adequate to compensate for Trimaco's infringement, but in no event less than a reasonable royalty.

(f) Preliminarily and permanently enjoining Trimaco, its officers, agents, servants, and employees and those persons in active concert or participation with any of them from manufacturing, authorizing the manufacturing of, importing, offering to sell, selling

or using within the United States products made according to the method defined in one or more valid and enforceable claims of the '385 Patent.

(g) Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Garland its attorneys' fees, costs, and expenses, based in part on, but not limited to, Trimaco's willful infringement.

(h) Granting Garland such other and further relief as this Court deems just, proper, and equitable.

JURY DEMAND

Plaintiff Garland demands trial by jury of all issues so triable with respect to the Complaint.

Respectfully submitted,

Date: September 16, 2016

s/Brian E. Turung_____
Brian E. Turung (Bar No. 0052034)
Jude A. Fry (Bar No.0053651)
FAY SHARPE LLP
The Halle Building, 5th Floor
1228 Euclid Avenue
Cleveland, Ohio 44115-1843
Phone: 216.363.9000
Fax: 216.363.9001
E-Mail: bturung@faysharpe.com

Attorneys for Plaintiff
Garland Industries, Inc.

GARI 700095US01 (3938451.2)